60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kevin Bruce DICKINSON, Plaintiff-Appellant,
v.
Lt. AUSTIN, et al., Defendants-Appellees.
 No. 93-17350.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANLLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Bruce Dickinson, an Arizona state prisoner, appeals pro se the district court's judgment for defendant prison officials, following a bench trial in Dickinson's 42 U.S.C. Sec. 1983 action. Dickinson alleged that defendants violated his right to freedom of religion by proscribing him from wearing a swastika medallion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Subsequent to the district court's judgment in Dickinson's action, Congress enacted the Religious Freedom Restoration Act, ("RFRA"), 42 U.S.C. Sec. 2000bb(b)(1) (1993).[1] Under RFRA, "the issue of whether the prison violated [Dickinson's] religious rights must be analyzed using the 'substantial burden' test rather than the less stringent 'reasonable opportunity' test previously employed." Bryant v. Gomez, 46 F.3d 948, 949 (9th 1995).
 
 
 4
 Here, Dickinson's section 1983 claim fails because he has not provided any facts which show that the prison's policy of prohibiting him from wearing a swastika medallion is a "substantial" burden that "interferes with a tenet or belief that is central to his religious doctrine." Id. (quotations omitted). Accordingly, the district court properly entered judgment in favor of prison officials.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We may affirm the district court's decision on any grounds finding support in the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993)
 
 
 [1]
 The Act provides, in pertinent part, that:
 Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability....
 42 U.S.C. Sec. 2000bb-1(a).
 The Act further provides that:
 Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.
 42 U.S.C. Sec. 2000bb-1(b).